UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL LEE WATSON,                )
                                   )
            Petitioner,            )
                                   )
     v.                            ) Case No. 4:10CV2161 FRB
                                   )
JEREMIAH W. "JAY" NIXON,           )
                                   )
            Respondent.            )

**MEMORANDUM AND ORDER**

Presently before the Court is petitioner Michael Lee Watson's Motion To Compel With Showing Of "Good Cause." (Docket No. 23). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

This is petitioner's second motion to compel. His first motion to compel, filed on January 13, 2011, sought copies of "any and all pictures within the file whether presented in court or not." (Docket No. 6). That motion was denied, inasmuch as petitioner had failed to demonstrate the good cause required by Rule 6 of the Rules Governing § 2254 Cases. <u>See</u> (Docket No. 20).

In the instant motion, petitioner references the denial of his original motion to compel and states that he moves to supplement and amend the request made therein. (Docket No. 23 at 1). Petitioner writes that the items he requested were not part of the record "due to what petitioner contends to be a criminal conspiracy between" Steven Hardin and Valerie Held of the public

- 1 -

defender's office; assistant prosecuting attorney Thomas E. Hollingsworth; and Judge Steven Bouchard. (<u>Id.</u> at 1-2). Petitioner states that these individuals conspired to falsely obtain his conviction. (<u>Id.</u>)

The following is a brief summation of petitioner's allegations in support of his discovery request.

Regarding Mr. Hardin, petitioner alleges that he failed to contact witnesses, failed to enter photos into evidence, failed to request discovery of a recording, told the prosecutor about petitioner's defense, and refused to submit a certain jury instruction. Regarding Ms. Held, petitioner alleges that she mingled with jury members and obtained the removal of a juror who was opposed to conviction. Regarding Mr. Hollingsworth, petitioner alleges that he withheld pictures showing petitioner's actual innocence, and also withheld a recording and witnesses. Regarding Judge Bouchard, petitioner alleges that he conspired and acted with all of the above parties to obtain a false conviction, and altered the record to conceal the conspiracy.

Petitioner seeks the same evidence named in his original motion, and also seeks to depose numerous witnesses; the telephone records of the now-deceased juror who was removed from his jury panel; and a recording.

Generally, on federal habeas review, the court's inquiry is confined to the record that was before the state court during the petitioner's state court proceedings. Unlike the usual civil federal litigant, a habeas petitioner is not entitled to discovery

- 2 -

as a matter of ordinary course. Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (citing Bracy v. Gramley, 520 U.S. 899, 904 (1997)). Rule 6(a) of the Rules Governing § 2254 cases, however, provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."

In Bracy, the Supreme Court set forth a general approach to be used to answer the question of whether a petitioner has established the "good cause" sufficient to warrant discovery under Rule 6(a). Under Bracy, before addressing the petitioner's entitlement to discovery, the court must first identify the "essential elements" of his substantive claim. 520 U.S. at 904. "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

The state of Missouri charged petitioner with one count of class A misdemeanor second-degree tampering with a utility meter, alleging that he attached jumper cables to a wire owned by utility company Ameren UE. Following a jury trial, petitioner was convicted and sentenced to 30 days in jail, which he has now fully served.

In the instant petition, petitioner alleges that the verdict against him was against the state's evidence; that he was denied a fair trial for various reasons; he was denied an appeal; and he was denied counsel.

For his first claim, petitioner claims that certain photographs show clips attached to his line and not the line owned by Ameren UE.  However, as noted by the Missouri Court of Appeals, petitioner freely admitted during trial that he had attached jumper cables to Ameren UE's power line, and rested his defense upon justification.  (Respondent's Exhibit ("Resp. Exh.") C at 4). Petitioner's allegations before the court do not show any reason to believe that he would be able to demonstrate entitlement to habeas relief by introducing photographs that contradict his own trial testimony.  For his second claim, petitioner claims that he was denied a fair trial for various reasons.  Examination of the record shows that petitioner filed two motions to change judges, both times arguing that his own accusations against the judges created an appearance of impropriety.  Ordinarily, it is presumed that public officials have "properly discharged their official duties." Bracy, 520 U.S. at 909 (quoting U.S. v. Armstrong, 517 US 456, 464 (1996)).  It is possible to indulge this presumption here, inasmuch as petitioner has failed to rebut it with any factual support, instead offering only his own conclusory allegations.  Petitioner's theories regarding a conspiracy to wrongfully obtain his conviction are too speculative to warrant discovery.  Petitioner also claims that his attorney was ineffective for failing to obtain witnesses.

However, the record shows that petitioner failed to provide his attorney with necessary contact information, and the attorney was therefore precluded from evaluating whether the witnesses were relevant to petitioner's case.  Finally, petitioner claims that he was denied an appeal.  However, petitioner was indeed granted an appeal, and the Missouri Court of Appeals reviewed his conviction.  Petitioner does not explain, nor is it evident from the record, how the discovery he seeks will allow him to demonstrate entitlement to habeas relief on these claims or, for that matter, on any of the claims he advances in his petition for writ of habeas corpus.

      Petitioner's specific allegations before this Court fail to show reason to believe that he may be able to demonstrate entitlement to relief.  He has therefore failed to demonstrate the good cause required for this Court to permit the discovery he seeks.  See Bracy, 520 U.S. at 908-09.

      Therefore, for all of the foregoing reasons,

      **IT IS HEREBY ORDERED** that petitioner Michael Lee Watson's Motion To Compel With Showing Of "Good Cause"  (Docket No. 23) is denied without prejudice.

                                     */s/ Frederick R. Buckles*
                                       Frederick R. Buckles
                                       UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of February, 2012.