# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL LEE WATSON, | ) |
| Petitioner, | ) ) ) |
| | ) No. 4:10CV2161NCC |
| JEREMIAH W. "JAY" NIXON, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 27). After reviewing the case, the court has determined that Petitioner is not entitled to relief. As a result, the petition will be dismissed.

## I.
## BACKGROUND

Petitioner was charged, on March 26, 2008, by Information with second degree tampering, a Class A misdemeanor, in violation of Mo. Rev. Stat. § 569.090, in that Petitioner attached jumper cables to a power line "owned by AmerenUE, an electric utility, by using alligator jumper clips to reconnect service, that prevented the proper measuring of electric service." (Doc. 19 at 10). On July 23, 2009, the State filed an amended information, which additionally charged that Petitioner had previously been convicted of the Class C felony of receiving stolen property in 1985, and of the felony of manslaughter in 1969. (Doc. 19 at 28).

A claim of right defense is available under Mo. Rev. Stat. § 569.090.1, if a defendant can show that he tampered with a utility's property "under a claim of right" and with "reasonable

grounds to believe" that he possessed such a right. (Doc. 19.2 at 4). At trial, Petitioner, who was represented by counsel, claimed that he made the connection with the power line for the sole purpose of determining whether the power line was energized. (Doc. 19.3 (Tr.) at 63-64, 75). Further, as noted by the Missouri appellate court:[1]

> [Petitioner] readily admitted at trial that he made a connection with AmerenUE's power line by attaching jumper cables to it. His trial defense rested on a justification theory. [Petitioner] argued that, because he was making electrical repairs in and around his condemned house, concern for his own safety necessitated that he determine whether electricity was flowing through the power line. At no point during the trial, however, did [Petitioner] produce evidence suggesting that he had reasonable grounds to believe that he possessed a legal right to tamper or make a connection with AmerenUE's power line.

(Doc. 19.2 at 3).

Petitioner was convicted by a jury in the Circuit Court of Jefferson County, Missouri, on July 30, 2009. (Doc. 19 at 50). On August 24, 2009, the State court sentenced Petitioner to thirty days incarceration, with the execution of judgment stayed pending appeal. (Doc. 19 at 60). Petitioner, through counsel, filed a direct appeal, claiming only that the trial court erred in not

---

[1] In proceedings pursuant to 28 U.S.C. ' 2254, a Astate court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence.@ Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. ' 2254(e)(1); Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003)). See also Simmons v. Luebbers, 299 F.3d 929, 942 (8th Cir. 2002). Explicit and implicit findings by state trial and appellate courts are presumed to be correct. Rushen v. Spain, 464 U.S. 114, 120 (1983); Marshall v. Lonberger, 459 U.S. 422, 432 (1983); Sumner v. Mata, 449 U.S. 539, 545-47, 550 (1981). Additionally, the Eighth Circuit holds that a habeas petitioner must provide Aclear and convincing@ evidence Ato overcome the presumption of correctness that the law assigns to@ findings of the state courts. Ashker v. Class, 152 F.3d 863, 867 (8th Cir. 1998) (citing 28 U.S.C. ' 2254(e)(1); 28 U.S.C. ' 2254(d)(2); Smith v. Jones, 923 F.2d 588, 590 (8th Cir. 1991)). See also Laws v. Armontrout, 863 F.2d 1377, 1381 (8th Cir. 1988). The presumption applies to basic, primary or historical facts and the inferences that can properly be drawn regarding them. See Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir. 1989) (citing Marshall v. Lonberger, 459 U.S. at 431-32; Cuyler v. Sullivan, 446 U.S. 335, 341-42 (1980)). AQuestions of witness credibility are usually considered to be issues of fact.@ Id. (citing Brown v. Allen, 344 U.S. 443, 506 (1953)). Mixed questions of law and fact, however, are not entitled to a presumption of correctness pursuant to ' 2254(d). Cornell v. Nix, 976 F.2d 376, 382 (8th Cir. 1992).

sua sponte instructing the jury that the State had to prove that Petitioner did not act under the reasonable belief that he had a right to make connection with the power line. (Doc. 19.2).

By decision, dated October 12, 2010, the Missouri appellate court found Petitioner was not entitled to relief and affirmed the trial court's judgment. (Doc. 19.2 at 1). On reaching this conclusion, the Missouri appellate court held that, under Missouri law, a defendant "bears the burden of injecting the issue of claim of right," and a trial court "shall not instruct the jury as to this defense unless it is supported by evidence introduced by the defendant during trial." "To adequately inject the issue of claim of right," apart from a defendant's testimony regarding his subjective belief, there must be "sufficient evidence to enable the court to infer that he honestly held that belief." Because Petitioner had not produced evidence at trial suggesting that he had reasonable grounds to believe that he possessed a legal right to tamper or make a connection with AmerenUE's power line, the Missouri appellate court found he failed to inject the issue of a claim of right defense and that he was, therefore, not entitled to a jury instruction on that issue. (Id. at 4-5).[2]

---

[2] The court also finds below that Petitioner has procedurally defaulted claims which he raises in his habeas petition because he did not raise these claims before the Missouri appellate court. Even assuming, arguendo, Petitioner seeks to raise the issue which he raised in his direct appeal in his ' 2254 habeas petition, on finding Petitioner's claim on direct appeal without merit, the Missouri appellate court relied on its interpretation of Missouri law. Issues concerning the interpretation and application of state law are not cognizable in federal habeas review. See Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) (it is not the province of federal habeas courts to reexamine state court determinations on state law questions; petitioner's claim was based only on Missouri law and actions of Missouri officials and thus his claim could be addressed only by the Missouri courts); Higgins v. Smith, 991 F.2d 440, 442 (8th Cir. 1993) (error in interpretation and application of state law does not rise to the level of a constitutional violation cognizable in a federal habeas petition); Jones v. Armontrout, 953 F.2d 404, 405 (8th Cir. 1992) (an incorrect application of a Missouri statute, without more, does not establish that a prisoner is being held in violation of the laws or constitution of the United States, which is a prerequisite for relief under ' 2254). Further, the United States Supreme Court held in Garner v. Louisiana, 368 U.S. 157, 166 (1961), that a federal court is Abound by a State's interpretation of its own statute and will not substitute [the federal court=s] judgment for that of the State's when it becomes necessary to analyze the evidence for the purpose of determining whether that evidence supports the findings

In the mandate, issued on November 4, 2010, the Missouri appellate court ordered the execution of Petitioner's sentence and that he be committed to the Jefferson County Jail for thirty days. (Doc. 19.2 at 6-7). Petitioner was released from custody February 13, 2011. (Doc. 19.4 at 1-2).

On November 17, 2010, prior to his release from custody, Petitioner filed his § 2254 Petition. (Doc. 1). He filed a Supplemental § 2254 Petition on April 4, 2011. (Doc. 15). Petitioner raises the following claims for relief:

**1**.  The verdict was against the State's "own evidence";

**2.**  Petitioner was denied a fair trial for numerous reasons;[3]

**3.**  Petitioner was denied an appeal; and

**4.**  Petitioner was denied legal counsel.

## II.
## PROCEDURAL DEFAULT and TIMLINESS STANDARD

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. <u>Wemark v. Iowa</u>, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. <u>Id.</u> at 1021. Claims that

---

of a state court.@ Thus, even assuming, arguendo, that Petitioner seeks to raise the issue which he raised in his direct appeal in his ' 2254 habeas petition, his claim would not be cognizable pursuant to § 2254.

[3] The reasons Petitioner alleges that he was denied a fair trial are set forth in his Petition and Supplemental Petition. (Docs. 1, 15). The reasons enumerated by Petitioner address conduct of the court, the prosecutor, and Petitioner's attorney. As stated above in Note 2, the reasons Petitioner was allegedly denied a fair trial do not include the trial court's failure to sua sponte instruct the jury that the State had to prove Petitioner did not act under the reasonable belief that he had a right to make a connection with the power line.

4

have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

Additionally, ' 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to ' 2254.

## V.
## DISCUSSION

The State asserts, and the court agrees, that Petitioner has procedurally defaulted all claims raised before this court pursuant to his § 2254 Petition. The court first notes that, in his direct appeal, Petitioner did not raise any of the issues which he raises in Grounds 1 through 4. To exhaust his federal remedies prior to filing a § 2254, and to avoid procedural default, in addition to perfecting a direct appeal in which he raises all issues appropriately raised in a direct appeal, a Missouri criminal defendant must file a motion pursuant to Missouri Supreme Court Rule (Rule) 29.15 to raise claims that his conviction or sentence violated the Constitution. He then must appeal the denial of his Rule 29.15 motion to the Missouri appellate court. See Randolph v. Kemna, 276 F.3d 401, 404-405 (8th Cir. 2002) (because Missouri does not require Aprisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court,@ a Missouri prisoner, seeking federal habeas review, need not seek transfer to the Missouri Supreme Court). Issues not raised before the Missouri appellate court, in either a direct appeal or in the appeal of the denial of a Rule 29.15 motion, as appropriate, are procedurally defaulted and

5

cannot be raised pursuant to § 2254, absent a showing of cause and prejudice. See Wemark, 322 F.3d at 1020-21.

In Petitioner's case, however, he was convicted of a misdemeanor; Rule 29.15 was not available to him because it only applies to persons convicted of a felony. Petitioner, nonetheless, could have filed for a writ of habeas corpus pursuant to Rule 91.01(b), which permits a person restrained of liberty in Missouri to do so.[4] Petitioner did not do so. Petitioner has not suggested cause or prejudice to excuse his procedural default.[5] The court finds, therefore, that Petitioner has procedurally defaulted Grounds 1-4, and that his § 2254 Petition should be denied on that basis.

Also, to the extent Petitioner's April 4, 2011 amendments to his § 2254 Petition include issues which he did not raise when he originally filed his § 2254 Petition, notably reasons he was allegedly denied a fair trial, such amendments are untimely. See ' 2244(d)(1).

## V.
## CONCLUSION

For the reasons stated above, the court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not grant a certificate of appealability. 28 U.S.C. ' 2253(c).

---

[4] Rule 91.01(b) provides: "Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint."

[5] The court granted Petitioner's request for an extension of time to reply to the State's Response to Order to show cause; it ordered that Petitioner had until June 24, 2011 to file a reply. (Doc. 22). Petitioner never filed a reply nor did he request a further extension, although he filed a Motion to Compel (Doc. 23), which this court denied (Doc. 24).

Accordingly,

**IT IS HEREBY ORDERED** that the § 2254 Petition and Amended Petition filed by Petitioner are **DENIED**, with prejudice (Docs. 1, 15).

**IT IS FURTHER ORDERED** that a separate judgment be entered incorporating this Memorandum and Order; and

**IT IS FINALLY ORDERED** that a certificate of appealability will not be issued.

Dated this 10th Day of April, 2014.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE